FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 03 2010 ★




UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BROOKLYN OFFICE

------------------------------------------------------------- x

RONALD YOUNG,

        Petitioner,

-against-

UNITED STATES OF AMERICA,

        Respondent.

------------------------------------------------------------- x

09 CV 4540 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM &
ORDER

ROSS, United States District Judge:

Petitioner, Ronald Kingsley Young, seeks, pursuant to 28 U.S.C. § 2255, to vacate his conviction and sentence following a bench trial on stipulated facts for illegal reentry subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He urges that his trial counsel, B. Alan Seidler, rendered ineffective assistance of counsel in (1) failing to conduct a reasonable investigation of his defenses, (2) failing to apprise him of a plea offer that set forth the government's estimation of the Sentencing Guidelines range, (3) failing to move to dismiss his indictment, presumably based on some defect in the underlying predicate felony,[1] and (4) failing to advise him that a consequence of his conviction was mandatory deportation.

The parties' familiarity with the factual and procedural background of the petition, which is accurately recited in the Government's Memorandum of Law at pp. 2-5, is assumed. For the

---

[1] The petition expresses this opaque ground as "counsel's failure to assert and argue in favor of dismissal of the petitioner's indictment based upon the petitioner's deportation based upon violation of 8 U.S.C. § 1101(a)(43)(B)."

1

reasons that follow, I find that Young's challenges to his counsel's effectiveness under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), are meritless and I therefore dismiss the petition.

## DISCUSSION

A. <u>The Claim that Counsel Failed to Investigate Defenses</u>

Young has not mounted a cognizable attack upon the effectiveness of trial counsel's investigation of his case. Specifically, he has failed to specify a single matter that counsel neglected to investigate. Absent such specification, he has not asserted, much less demonstrated, any respect in which the vaguely alleged shortcomings of counsel's investigation prejudiced him. Moreover, the government has presented the affidavit of Young's counsel, Alan Seidler, Esq., detailing the steps he took to investigate his client's only asserted defense and explaining, accurately, that a charge of illegal reentry is susceptible to few defenses as it hinges primarily on defendant's presence here. <u>See</u> Seidler Decl. ¶ 3. In any event, Young's conclusory complaint, which fails to identify any respect in which counsel's investigation was inadequate, can not meet the two-fold test of <u>Strickland</u>.

B. <u>The Claim that Counsel Failed to Apprise Young of the Government's Plea Offer</u>

The Seidler affidavit also flatly contradicts Young's claim that his attorney failed to advise Young of the government's plea offer. Seidler's declaration sets forth with specificity that he "conveyed the government's plea offer" to his client, which included not an agreed-upon prison term but simply the government's guidelines range estimate, and "advised [Young] of the advantages of pleading guilty and the virtual impossibility of defending against the illegal reentry

2

charge." Id. ¶ 4. Seidler also attests that Young rejected the plea, choosing instead to "proceed with a defense of 'outrageous government conduct.'" Id. Seidler's explicit and specific denials in the face of Young's conclusory charge is itself sufficient to resolve any factual dispute regarding whether Seidler in fact communicated the plea offer to Young. See, e.g., United States v. Wu, 2009 WL 3053741, at * 3 (S.D.N.Y. 2009) (finding that petitioner's "conclusory and easily-made allegation that he was not 'allowed' to testify is impossible to credit, in the face of counsel's detailed contrary declaration"); see also United States v. Chang, 250 F.3d 79, 85-86 (2d Cir. 2001). Moreover, in light of my determination at sentencing that Young twice committed perjury during the proceeding, both in an affidavit and in his testimony before me at a hearing, resulting in my imposition of a two level obstruction enhancement under the Sentencing Guidelines, a further evidentiary hearing to test Young's veracity on this point is not warranted. See Chang, 250 F.3d at 86 (finding no need for an evidentiary hearing where petitioner relied "solely on his own highly self-serving and improbable assertions").

C. The Claim that Counsel Should Have Moved to Dismiss the Indictment

Like the government, I find it difficult to discern the substance of this claim but presume that Young is asserting an argument similar to the one he advanced on appeal – that the offense that constituted the predicate crime of his crime of conviction was not a drug trafficking offense within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(I). Here, it appears that his claim is that counsel unreasonably failed to challenge Young's indictment on the ground that the predicate offense charged in the indictment did not constitute an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43)(B), or that trial counsel failed to challenge the indictment under United

3

States v. Copeland, 376 F.3d 61 (2d Cir. 2004).

The INS in 1989 charged Young with being deportable under the then existing provision INA § 241(a)(11), 8 U.S.C. § 1251(a)(11), which related to a conviction of a law or regulation relating to a controlled substance.[2] Young, through counsel, conceded he was deportable as charged, but requested relief pursuant to INA § 212(c). (Dkt. No. 23, Ex. A at 2.) The Immigration Judge considered petitioner's § 212(c) claim prior to his original deportation, and on February 1, 1990, denied petitioner's application for relief. (Dkt. No. 23, Ex. A. at 5.) Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's denial of § 212(c) relief. (Dkt. No. 23, Ex. B. at 1-2.)

First, I note that Young was not actually deported under the then existing INA § 241(a)(4)(B), 8 U.S.C. § 1251(a)(4)(B), for having been convicted of an aggravated felony; rather, he was charged with deportability under § 241(a)(11) for a conviction of a law or regulation relating to a controlled substance. (Dkt. No. 23, Ex. A. at 5.) However, even though the INS did not charge petitioner with deportability under the "aggravated felony" provision, based on the record of conviction and relevant Second Circuit caselaw, I found at sentencing that defendant's underlying conviction was a conviction under N.Y. Penal Law § 220.16(1), which states that a person is guilty of that subsection when he knowingly and unlawfully possesses "a narcotic drug with intent to sell it." See Apr. 19, 2007 Sentencing Tr. At 4, Dkt. No. 13-3; see

---

[2] All references to the INS refer to the organization now known as the Bureau of Immigration and Customs Enforcement ("ICE") within the Department of Homeland Security. Additionally, what was formerly known as "deportation" is now known as "removal." See Fernandez-Vargas v. Gonzales, 548 U.S. 30, 34 n.1 (2006) (citing Neuman, Habeas Corpus, Executive Detention, and the Removal of Aliens, 98 Colum. L.Rev. 961, 966 (1998) (IIRIRA "realigned the vocabulary of immigration law, creating a new category of 'removal' proceedings that largely replaces what were formerly exclusion proceedings and deportation proceedings")).

also United States v. King, 325 F.3d 110, 114 (2d Cir. 2003); United States v. Brown, 97 Fed.Appx. 348, 349 (2d Cir. 2004). Courts have found that N.Y. Penal Law § 220.16(1), because it encompasses an intent to sell, constitutes an aggravated felony under the statutory definition. See, e.g., Perez v. Gantner, 2008 WL 4067424, at *6 (S.D.N.Y. 2008) (citing Gray v. Keisler, 253 Fed. Appx. 78 (2d Cir. 2007)).[3] Accordingly, there was nothing defective in the indictment which charged petitioner with reentry following deportation "subsequent to a conviction for commission of an aggravated felony."[4] Thus counsel cannot be found ineffective for failing to challenge the indictment on the grounds petitioner asserts.

Second, petitioner cannot assert an ineffective assistance claim under United States v. Copeland, 376 F.3d 61 (2d Cir. 2004), given that his INA § 212(c) application was considered by the Immigration Judge. In Copeland, the Second Circuit held that an IJ's failure to inform a non-citizen of his right to seek 212(c) relief can be an error sufficient to render a deportation order "fundamentally unfair" within the meaning of 8 U.S.C. § 1326(d)(3). Copeland, 376 F.3d at 71. Counsel cannot be found ineffective for failing to raise a Copeland claim where petitioner's

---

[3] At the time of petitioner's deportation hearing, the statutory definition of an aggravated felony required that the sentence actually imposed for the conviction be at least five years imprisonment. See Matter of Davis, 20 I. & N. Dec. 536 (BIA 1992); see also 8 U.S.C. § 1101(a)(43) (Supp. II 1990). Thus, it is not clear that he could have even been charged with deportability under that definition. In 1994 Congress amended and broadened the definition of an aggravated felony. See Perez, 2008 WL 4067424, at *6. However, this also does not affect the sufficiency of the indictment for illegal reentry such that trial counsel was defective for failing to challenge it.

[4] This situation differs from the one in Kasperek v. Ashcroft, 2002 WL 31869383 (S.D.N.Y. 2002). In Kasperek, the court found that a permanent resident alien was entitled to a discretionary waiver of deportation hearing, under the due process clause, even though he was convicted of aggravated felony, where that aggravated felony was not charged by the INS in the order to show cause as a basis for his deportation. Id. at * 3. Here, because petitioner received consideration of his 212(c) application, no due process issue is raised.

5

212(c) application was in fact considered both by the IJ and the BIA.

Accordingly, petitioner's claim of ineffective assistance of counsel fails both prongs of the Strickland test.

D. The Claim that Counsel Failed to Advise Young of the Mandatory Deportation Consequences of His Conviction

The Seidler affidavit directly contradicts the veracity of Young's claim that he was not told of the deportation consequences of his conviction. Seidler attests with specificity that he "explained to Young on many occasions that he would be deported following his sentence, as he had been deported before," and that "even if . . . acquitted, he could still be deported." Seidler Decl. ¶ 6. Moreover, as the government argues, even if, contrary to the overwhelming evidence that Young was well aware of the deportation consequences of the crime of conviction, he harbored some undispelled hope of remaining in this country, he cannot satisfy the prejudice prong of Strickland because, if acquitted, he would have been deported in any event based on his illegal presence in the United States and the fact that he had previously been deported.

CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is denied. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2) (1996), no certificate of appealability will be granted. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

                                                     Allyne R. Ross  
                                                     United States District Judge

Dated:        September 1, 2010  
                 Brooklyn, New York

**Service List:**

Petitioner (pro se):

Ronald Young
73629-053
Federal Correctional Institution
PO Box 1000
Loretto, PA 15940

Respondent:

Jonathan E. Green
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820